# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| HGCI, INC. and HAWTHORNE HYDROPONICS LLC,<br><br>**Plaintiffs,**<br><br>v.<br><br>**ADVANCED NUTRIENTS LTD. and ADVANCED NUTRIENTS US LLC,**<br><br>**Defendants.** | Case No. **2:19-cv-00076-ALM-EPD**<br><br>Judge : Algenon L. Marbley<br><br>Chief Magistrate Judge : Elizabeth A. Preston Deavers |

# ANSWER OF DEFENDANTS
# ADVANCED NUTRIENTS LTD. and ADVANCED NUTRIENTS US LLC

Defendants Advanced Nutrients Ltd. & Advanced Nutrients US, LLC (collectively the "Defendants") hereby file and serve their **Answer to the Complaint** filed by Plaintiffs HGCI, Inc. and Hawthorne Hydroponics, LLC (collectively, "Plaintiffs"). Defendants answer as follows:

**Defendants Deny All Allegations Which Are Not Expressly Admitted.**

Pursuant to Fed. R. Civ. P. 8(b) et seq., Defendants deny all allegations in Plaintiffs' Complaint (as identified by paragraph number) except those allegations expressly admitted below.

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph #1 and therefore deny same.

2. Defendants admit that they sell product in the United States that bears the words in whole or in part "Mother Earth." Except as so admitted, Defendants deny each and every allegation contained in paragraph #2.

3. Defendants deny the allegations in paragraph #3.

4. Defendants deny the allegations in paragraph #4.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph #5 and therefore deny same.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph #6 and therefore deny same.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph #7 and therefore deny same.

8. Defendants admit the publicly available official information (if any) presented in the allegations in paragraph #8, and except for the information so admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph #8 and therefore deny same. Defendants shall amend this response if, following additional investigation and analysis, amendment is necessary or appropriate.

9. Defendants admit the publicly available official information (if any) presented in the allegations in paragraph #9, and except for the information so admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph #8 and therefore deny same. Defendants shall amend this response if, following additional investigation and analysis, amendment is necessary or appropriate.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph #10 and therefore deny same.

11. Defendants admit the allegations contained in paragraph #11 as they apply to subject matter jurisdiction **only to the limited extent** that Plaintiffs' Complaint properly and

validly alleges, and the Plaintiffs prove, such jurisdiction under the expressly identified and cited statutes and codes. Defendants expressly deny that this Court has subject matter jurisdiction **_if_** Plaintiffs' Complaint is subsequently determined to have failed to properly and validly <u>allege</u> jurisdiction as alleged in paragraph #11, or if the facts fail to establish jurisdiction or if the Plaintiffs otherwise fail to properly establish or prove jurisdiction under the expressly cited statutes and codes. Except as so admitted, and subject to additional analysis and discovery, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph #11 and therefore deny same.

12. Defendants admit the allegations contained in paragraph #12 as they apply to subject matter jurisdiction **<u>only to the limited extent</u>** that Plaintiffs' Complaint properly and validly alleges, and the Plaintiffs prove, such jurisdiction under the expressly identified and cited statutes and codes. Defendants expressly deny that this Court has subject matter jurisdiction **_if_** Plaintiffs' Complaint is subsequently determined to have failed to properly and validly <u>allege</u> jurisdiction as alleged in paragraph #12, or if the facts fail to establish jurisdiction or if the Plaintiffs otherwise fail to properly establish or prove jurisdiction under the expressly cited statutes and codes. Except as so admitted, and subject to additional analysis and discovery, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph #12 and therefore deny same.

13. Defendants admit the allegations contained in paragraph #13 as they apply to supplemental jurisdiction **<u>only to the limited extent</u>** that Plaintiffs' Complaint properly and validly alleges, and the Plaintiffs prove, such jurisdiction under the expressly identified and cited statutes and codes. Defendants expressly deny that this Court has supplemental jurisdiction **_if_** Plaintiffs' Complaint is subsequently determined to have failed to properly and validly <u>allege</u> jurisdiction as alleged in paragraph #13, or if the facts fail to establish jurisdiction or if the Plaintiffs otherwise fail to properly establish or prove jurisdiction under the expressly cited statutes and codes. Except as so admitted, and subject to additional analysis and discovery, Defendants are

without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph #13 and therefore deny same.

14. Defendants admit the publicly available official information (if any) presented in the allegations in paragraph #14, and except for the information so admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph #14 and therefore deny same. Defendants shall amend this response if, following additional investigation and analysis, amendment is necessary or appropriate.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph #15 and therefore deny same.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph #16 and therefore deny same.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph #17 and therefore deny same.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph #18 and therefore deny same.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph #19 and therefore deny same.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph #20 and therefore deny same.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph #21 and therefore deny same.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph #22 and therefore deny same.

23. Defendants deny that Plaintiffs' and/or Hawthorne's "Mother Earth" name is inherently distinctive. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph #23 and therefore deny same.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph #24 and therefore deny same.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph #25 and therefore deny same.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph #26 and therefore deny same.

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph #27 and therefore deny same.

28.     Defendants deny the allegations of paragraph #28.

29.     Due in part to the poor resolution of the photograph or depiction of the product and labeling as presented in paragraph #29, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph #29 and therefore deny same.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph #30 and therefore deny same.

31.     Defendants deny the allegations of paragraph #31.

32.     Defendants expressly deny that Defendants' use, if any, of the words "Mother Earth" as alleged in paragraph #32 was "*de minimis*", and except for the foregoing express denial, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph #32 and therefore deny same.

33.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph #33 and therefore deny same.

34.     Defendants expressly deny the Plaintiffs' allegations in paragraph #34 which state that Defendants' alleged conduct "*has caused, and is likely to cause, confusion, mistake, and deception among the relevant purchasing public*", and except for the foregoing express denial, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph #34 and therefore deny same.

35. Defendants deny the allegations of paragraph #35.

36. As Plaintiffs' Complaint at paragraph #36 repeats and incorporates by reference the prior paragraphs ## 1 – 35, Defendants hereby repeat and incorporate here by reference their responses and denials which Defendants provided for paragraphs ## 1- 35 as such responses and denials are set forth above.

37. Defendants deny the allegations of paragraph #37.

38. Defendants deny the allegations of paragraph #38.

39. Defendants deny the allegations of paragraph #39.

40. Defendants deny the allegations of paragraph #40.

41. Defendants deny the allegations of paragraph #41.

42. Defendants deny the allegations of paragraph #42.

43. Defendants deny the allegations of paragraph #43.

44. Defendants deny the allegations of paragraph #44.

45. As Plaintiffs' Complaint at paragraph #45 repeats and incorporates by reference the prior paragraphs ## 1 – 44, Defendants hereby repeat and incorporate here by reference their responses and denials which Defendants provided for paragraphs ## 1- 44 as such responses and denials are set forth above.

46. Defendants deny the allegations of paragraph #46.

47. Defendants deny the allegations of paragraph #47.

48. Defendants deny the allegations of paragraph #48.

49. Defendants deny the allegations of paragraph #49.

50. As Plaintiffs' Complaint at paragraph #50 repeats and incorporates by reference the prior paragraphs ## 1 – 49, Defendants hereby repeat and incorporate here by reference their responses and denials which Defendants provided for paragraphs ## 1- 49 as such responses and denials are set forth above.

51. Defendants deny the allegations of paragraph #51.

52. Defendants deny the allegations of paragraph #52.

53. Defendants deny the allegations of paragraph #53.

54. As Plaintiffs' Complaint at paragraph #54 repeats and incorporates by reference the prior paragraphs ## 1 – 53, Defendants hereby repeat and incorporate here by reference their responses and denials which Defendants provided for paragraphs ## 1- 53 as such responses and denials are set forth above.

55. Defendants deny the allegations of paragraph #55.

56. Defendants deny the allegations of paragraph #56.

57. Defendants deny the allegations of paragraph #57.

58. Defendants deny the allegations of paragraph #58.

59. Defendants deny the allegations or demands presented in paragraph #59 to the extent any such allegations or demands may be denied. All remaining allegations which have not been specifically admitted and described in the immediately preceding paragraphs are hereby denied.

**DEFENDANTS' RESPONSE & DENIAL TO PLAINTIFFS' "PRAYER FOR RELIEF"**

60. In response to the Plaintiffs' "Prayer for Relief" as presented in Plaintiffs' Complaint at pages 14 – 16, Defendants hereby deny that Plaintiffs are entitled to the requested Judgment, findings, declaration, order, injunction, award of damages, relief, remedies, and attorneys' fees and costs as requested in the Complaint, and Defendants further deny that Plaintiffs are entitled to *any* Judgment, findings, declaration, order, injunction, award of damages, relief, remedies, and attorneys' fees and costs in their favor whatsoever. Defendants further deny that "trial by jury" is available to Plaintiffs in whole or in part as no relief is available to Plaintiffs based on the Defendants' denials, defenses, and affirmative defenses as presented in the Defendants' instant Answer.

## AFFIRMATIVE DEFENSES

Defendants assert the following Affirmative Defenses in response to the Complaint. The Defendants do not admit the duty to bear the burden of proof with respect to any element of these Affirmative Defenses for which such burden does not, as a matter of law, rest with Defendants.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim on Some or All Counts)

Plaintiffs' Complaint states no claim upon which relief can be granted, and/or fails to allege facts upon which relief can be granted for certain claims or counts as alleged in the Complaint.

### SECOND AFFIRMATIVE DEFENSE
### (No Subject Matter Jurisdiction)

The Court lacks subject matter jurisdiction over the Plaintiffs' Complaint and/or lacks jurisdiction on all or certain Defendants, claims, causes of action, and counts alleged therein.

### THIRD AFFIRMATIVE DEFENSE
### (No Supplemental Jurisdiction)

The Court lacks supplemental jurisdiction over the Plaintiffs' Complaint and/or lacks jurisdiction on all or certain Defendants, claims, causes of action, and counts alleged therein.

### FOURTH AFFIRMATIVE DEFENSE
### (No Personal Jurisdiction)

The Court lacks personal jurisdiction over one or both Defendants.

### FIFTH AFFIRMATIVE DEFENSE
### (Venue is Improper)

This Court constitutes an improper venue for this action.

## SIXTH AFFIRMATIVE DEFENSE

## (No Protectable Trade Dress and/or Trademark)

Without admitting that the Complaint states a claim, Plaintiffs have no valid, protectable trade dress and/or trademark in which they enjoy any rights that may be asserted against Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

## (One or More Asserted Registrations are Void *ab initio*)

Without admitting that the Complaint states a claim, one or more of Plaintiffs' asserted trademark registrations are unenforceable by reason of being void *ab initio*.

## EIGHTH AFFIRMATIVE DEFENSE

## (Trade Dress or Trademark Lacks Distinctiveness)

Without admitting that the Complaint states a claim, the claims made in the Complaint and the relief sought therein are barred on the basis that the alleged trade dress and/or trademark lacks distinctiveness, including without limitation, necessary or required meaning.

## NINTH AFFIRMATIVE DEFENSE

## (Trademark is Generic)

Without admitting that the Complaint states a claim, the claims made in the Complaint and the relief sought therein are barred on the basis that the alleged trademark is generic.

## TENTH AFFIRMATIVE DEFENSE

## (Trademark is Descriptive)

Without admitting that the Complaint states a claim, the claims made in the Complaint and the relief sought therein are barred on the basis that the alleged trademark is descriptive and has not acquired secondary meaning.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Likelihood of Confusion)

Without admitting that the Complaint states a claim, the claims made in the Complaint and the relief sought therein are barred on the basis that there is no likelihood of confusion.

## TWELFTH AFFIRMATIVE DEFENSE

### (Confusion Caused by Plaintiffs' Prior Use)

Without admitting that the Complaint states a claim and without admitting that there is likelihood of confusion, any potential or alleged likelihood of confusion was caused by Plaintiffs' conduct and actions, including but not limited to prior multiple designs and varied and confusing uses of the alleged trademark and/or trade dress.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Trade Dress and/or Trademark are not Famous nor associated with Plaintiffs)

Without admitting that the Complaint states a claim, the claims made in the Complaint and the relief sought therein are barred on the basis that Plaintiffs' alleged trade dress is not famous and/or they are not widely recognized by the general consuming public, nor are they associated with the Plaintiffs or their goods or services.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Defendants' Alleged Product Unlikely to Cause Dilution)

Without admitting that the Complaint states a claim, the claims made in the Complaint and the relief sought therein are barred on the basis that Defendants' alleged product shall not, or is unlikely to, cause dilution by blurring or dilution by tarnishment, or otherwise harm or injure Plaintiffs' business, reputation, or products.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Defendants Allege the Mark was Adopted Without Knowledge of Any Alleged Prior Use)**

Without admitting that the Complaint states a claim, Defendants allege that they adopted the alleged mark without knowledge of Plaintiffs' alleged prior use, if any, and the mark has been continuously used by Defendants before any alleged constructive use, registration, or publication by Plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(Claims Barred under Equitable Principles, Including Estoppel, Waiver, Laches)**

Each of Plaintiffs' claims are barred under the doctrines of estoppel, waiver, laches, acquiescence or other applicable equitable doctrines. Plaintiffs unduly delayed in bringing its claims against Defendants. Defendants' alleged product at issue has been offered for sale and sold in commerce for an extended period. Plaintiffs did not assert their claims against Defendants until Plaintiffs' filed their Complaint on or about January 8, 2019. This delay was unreasonable and has caused Defendants undue prejudice, and principles of equity, waiver, estoppel, laches, and other equitable principles operate to bar Plaintiffs' claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

**(No Basis for Claims for Enhanced Damages, or Treble Damages, Fees, and Costs)**

Without admitting that the Complaint states a claim, Plaintiffs' claims for enhanced damages, treble damages, and an award of fees and costs against Defendants have no basis in fact or law and should be denied.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Plaintiffs not Entitled to Damages)

Without admitting that the Complaint states a claim, Defendants have not engaged in any conduct which would support or entitle Plaintiffs to an award of damages under 15 U.S.C. § 1117(a), including an award of treble or enhanced damages.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Damages)

Without admitting that the Complaint states a claim, there have been no damages in any amount, manner, or at all, by reason of any act or omission or conduct alleged against or ascribed to the Defendants in the Complaint, and therefore any and all relief prayed for in the Complaint cannot be granted.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Plaintiffs not Entitled to Equitable Relief)

Without admitting that the Complaint states a claim, Plaintiffs are not entitled to equitable relief, including but not limited to Plaintiffs' request for injunctive relief, as Plaintiffs have not suffered any injuries, and if any such alleged injuries exist (if any), Plaintiffs have an adequate remedy at law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Undue Burden)

Without admitting that the Complaint states a claim, the Plaintiffs' claims are barred because Plaintiffs' requested remedies would require measures and relief that would impose an undue and unreasonable and inequitable burden on Defendants.

## TWENTY- SECOND AFFIRMATIVE DEFENSE

### (Plaintiffs' Claims for Injunctive Relief Are Barred)

Without admitting that the Complaint states a claim, Plaintiffs' claims for injunctive relief are barred because Plaintiffs cannot show that they will suffer any irreparable harm from Defendants' alleged actions, omissions, and conduct (if any). The balance of hardships and the public interest do not support the Plaintiffs' request for an injunction.

## TWENTY- THIRD AFFIRMATIVE DEFENSE

### (No Violation of Ohio State Law)

Without admitting that the Complaint states a claim, Defendants have not engaged in any conduct that violates the common law of the State of Ohio with respect to deceptive trade practices or unfair competition and Plaintiffs are not entitled to any relief, including the relief prayed for in the Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Basis for Plaintiffs' Prayer for Relief or Award of Any Relief)

Without admitting that the Complaint states a claim, Plaintiffs' prayer for relief on all counts has no basis in fact or law and should be denied.

## TWENTY- FIFTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation Bar Plaintiffs' Claims)

Plaintiffs' Complaint and/or one or more of Plaintiffs' claims are barred based on applicable Statutes of Limitation and other applicable statutes and laws which bar or prohibit one or more of the Plaintiffs' claims.

## TWENTY- SIXTH AFFIRMATIVE DEFENSE

### (No Unfair Competition)

Defendants have not committed and are not liable for any alleged unfair competition as alleged in the Complaint.

## TWENTY- SEVENTH AFFIRMATIVE DEFENSE

### (No Trademark Infringement)

Defendants have not committed and are not liable for any alleged trademark infringement as alleged in the Complaint.

## ADDITIONAL DEFENSES

Defendants reserve the right to assert additional defenses, including affirmative defenses, based on information obtained and analysis conducted during discovery and/or prior to trial.

## PRAYER FOR RELIEF

Defendants pray that Plaintiffs' Complaint be dismissed and/or that Plaintiffs take nothing by way of their Complaint, and that Defendants be awarded their costs, attorneys' fees, and such other relief as the Court deems equitable and/or appropriate.

| | |
|---|---|
| Date: 17 May 2019 | s/ Matthew J. Schonauer |
| | Matthew J. Schonauer (OH #0086361) |
| | Dunham IP Law LLC |
| | P.O. Box 566 |
| | Dublin, Ohio 43017-9998 |
| | Tel. 614.902.3913 |
| | Fax. 614.907.4155 |
| | Email. *mschonauer@dunhamiplaw.com* |
| | |
| | *Attorney for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2019, the foregoing *Answer of Defendants Advanced Nutrients Ltd. and Advanced Nutrients US LLC.* was filed electronically using the Court's CM/ECF system. As all participants in the case are now represented by counsel who are registered CM/ECF system users, notice of this filing will be sent to all parties by operation of the CM/ECF system pursuant to S.D. Ohio Civ. R. 5.2 and Fed. R. Civ. P. 5 at the following addresses:

David J. Dirisamer – *david.dirisamer@btlaw.com*

Joshua Stewart Frick – *joshua.frick@btlaw.com*

Christopher M. Dolan – *cdolan@btlaw.com*

        s/ Matthew J. Schonauer
        Matthew J. Schonauer