IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HGCI, INC.,** *et al.,*

    **Plaintiffs,**

                                          **Case No. 2:19-cv-76**
                                          **Judge Sarah D. Morrison**
    **v.**                                 **Magistrate Judge Elizabeth P. Deavers**

**ADVANCED NUTRIENTS LTD.,**
*et al.,*

    **Defendants.**

## ORDER

This matter is before the Court for consideration of the parties' joint motion for leave to file under seal certain documents designated confidential. (ECF No. 84.) The parties explain that they seek leave to file under seal exhibits to their respective dispositive motions "and any opposition papers." (*Id*. at 1.) According to the parties, these materials have been designated "Confidential" and/or "Attorneys' Eyes Only" under the Agreed Protective Order. (*Id*.)

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978). A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit as described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can

justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305). Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (quoting *Shane Grp.*, 825 F.3d at 305). If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain 'why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" *Id*. (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

Here, while the parties contend that these documents have been designated as "Confidential" or "Attorneys' Eyes Only," they have not explained why the interests supporting public access to this information are less compelling than those supporting nondisclosure.

Instead, the parties state, without detail or explanation, that the documents "contain information that reveals trade secrets, proprietary information, confidential research, technical, commercial or financial information, or competitively sensitive information that would cause harm to [their] business interests if released."  (ECF No. 84, at 3, 4.)  This explanation, which is really nothing more than a generic confidentiality checklist, is insufficient to allow the Court to determine why the specific documents that these specific parties wish to be sealed are "no broader than necessary" and why the seal is "narrowly tailored to serve that [compelling] reason."  *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (internal quotation marks and citation omitted).  Moreover, while parties to litigation may maintain certain materials in confidence, the actual filing of documents—which implicates the interest of the public in unencumbered access to court proceedings—should not routinely be made under seal.  *Shane Group, Inc.*, 825 F.3d at 305; *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996); *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1178–80.

Accordingly, the joint motion for leave to file under seal (ECF No. 84) is **DENIED WITHOUT PREJUDICE**.  The parties are **ADVISED** that any forthcoming motion to seal any filing shall be sufficiently specific to permit the Court to make the required determinations previously described.  *See In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940; *Shane Grp., Inc.*, 825 F.3d at 305–06.

**IT IS SO ORDERED.**

Date: June 1, 2021 /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE