IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HGCI, INC.,** *et al.,*

    **Plaintiffs,**

                                                  Case No. 2:19-cv-76
                                                  Judge Sarah D. Morrison
    v.                                              Magistrate Judge Elizabeth P. Deavers

**ADVANCED NUTRIENTS LTD.,**
*et al.,*

    **Defendants.**

## ORDER

This matter is before the Court for consideration of the Plaintiffs' motion for leave to file under seal certain documents designated confidential. (ECF No. 90.)[1] Plaintiffs explain that through this motion they seek to seal only certain exhibits attached to the parties' summary judgment motions and limited portions of their motion for summary judgment to the extent these documents contain their highly sensitive business information. (*Id*. at 1.) The motion is **GRANTED** as set forth below.

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978). A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for

---

[1] On June 1, 2021, the Court denied without prejudice the parties' joint motion for leave to file under seal certain documents designated confidential. (*See* ECF Nos. 84, 88.) Plaintiffs' current motion was filed in response. (ECF No. 90, at 1.)

the Sixth Circuit as described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305). Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (quoting *Shane Grp.*, 825 F.3d at 305). If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain 'why the interests in

support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" *Id*. (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

Here, Plaintiffs explain that the confidential business information they seek to file under seal consists of two categories: their sales and advertising numbers and internal emails marked as "Highly Confidential – Attorneys' Eyes Only." More specifically, within the first category, Plaintiffs cite to pages 3, 10, and 11 of their motion for summary judgment which contain sales numbers and the advertising budget for the products at issue and Exhibit 1 to their motion, the declaration of Doug Hargreaves at paragraphs 11, 12 and 15. Within the second category, Plaintiffs cite Exhibits 6, 8, 9, and 15 attached to Defendants' motion for summary judgment, all of which contain information relating to Plaintiffs' marketing, sales, promotional strategies, or product development strategies.

Plaintiffs explain that this confidential information is not publicly available and would cause them substantial harm if exposed. Accordingly, they assert that have demonstrated a compelling reason to file this information under seal as routinely recognized by this Court in other cases. Further, they contend that the public has little to no interest in accessing this information and that, to the extent the public would have any interest in the conduct giving rise to the dispute, such conduct is readily ascertainable from the already public filings and the information they seek to have sealed offers nothing more in that respect. Additionally, they contend that because they request to seal only limited and discrete portions of certain documents, their request is narrowly tailored. Finally, they assert that there are no special circumstances weighing against the sealing of this information.

The Court finds that Plaintiffs' concern regarding their confidential business information is a compelling reason in support of non-disclosure. Further, the Court is satisfied that Plaintiffs'

request is narrowly tailored and no broader than necessary to address this concern. Accordingly, the motion for leave to file under seal (ECF No. 90) is **GRANTED**. The Court notes that the parties already have filed redacted versions of their respective dispositive motions on the public record. (ECF Nos. 85, 87.)

    **IT IS SO ORDERED.**

Date: June 15, 2021                                 /s/ *Elizabeth A. Preston Deavers*
                                                          ELIZABETH A. PRESTON DEAVERS
                                                          UNITED STATES MAGISTRATE JUDGE